## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMARIS WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-123-NJR |
| ) | |
| ) | |
| DR. LITHERTON, MS. SHERRY ) | |
| BENTON, WEXFORD HEALTH ) | |
| SERVICES, INC., LORIE ) | |
| CUNNINGHAM, ROB JEFFREYS, ) | |
| KUFURIJI ADEWALE, LT. WILLIAMS, ) | |
| CECIL HEATHER, LT. LIVINGSTON, ) | |
| LACIE LIVINGSTON, MS. ) | |
| BROOKHART, LT. OCHS, DAN ) | |
| DOWNEN, OFFICER PLUCKETT, MS. ) | |
| WEAVER, and OFFICER GIPSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Romaris Walton, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

There are a number of issues with Walton's Complaint. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Walton's Complaint fails to meet these standards. Although he states that the Complaint is "concise", it is lengthy (with exhibits it is 268 pages in length) and consists of a listing of grievances and other exhibits which he believes explains his claims. This tactic makes it particularly difficult to identify the claims Walton seeks to allege as he does not provide a plain statement of his claims, but rather a reference to various exhibits and what each exhibit demonstrates.

Further, Walton's Complaint seeks to allege a number of unrelated claims. He mentions retaliation, medical and dental deliberate indifference, due process violations, Americans with Disabilities Act claims, and issues with his legal mail, among other potential claims. His Complaint is a list of numerous complaints he has with individuals at the prison. He states that he has identified at least seventeen potential defendants with additional defendants and violations "still counting" (Doc. 1, pp. 8-9).

Walton's Complaint violates the rules of joinder by throwing all of his grievances together in a single Complaint. Fed. R. Civ. P. 18-21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). If he decides to pursue all of these unrelated claims in an Amended

Complaint, this will result in severance of his unrelated claims into separate lawsuits, for which he will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g).

Walton has also not identified all of the defendants in the caption of his Complaint. Although he attempts to sue seventeen individuals and entities, he only includes eight in the caption. When parties are not listed in the caption, the Court will not treat them as defendants, and any claims against them should also be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption" to be considered a party).

Because of these numerous deficiencies, if Walton wants to pursue his claims against Defendants, he must file an amended complaint. The amended complaint should identify who violated Walton's constitutional rights by name, should include a short description of how his rights were violated, and when that violation took place. His amended complaint also should be limited to related claims.

### **Pending Motions**

As to Walton's motion for counsel (Doc. 2), he states that he has written multiple letters to counsel about his claims. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[1]

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Further, the Court finds that Walton is capable of submitting a concise amended complaint in this case. Thus, Walton's motion for counsel (Doc. 2) is **DENIED** without prejudice. He may renew his request for the recruitment of counsel at a later date.

### Disposition

Accordingly, Walton's Complaint is **DISMISSED without prejudice** for failure to state a claim. He is **GRANTED** leave to file a "First Amended Complaint" on or before **June 17, 2021**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Walton must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Walton is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Walton is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  5/20/2021

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**