IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROMARIS WALTON,                          )
                                         )
              Plaintiff,                 )
                                         )
vs.                                      )          Case No. 21-cv-123-NJR
                                         )
                                         )
DR. LITHERTON, LORIE                     )
CUNNINGHAM, WARDEN                        )
BROOKHART, MS. WEAVER, and                )
DR. SHAH,                                )
                                         )
              Defendants.                )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Romaris Walton, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. His original Complaint (Doc. 1) was dismissed because it violated Federal Rule of Civil Procedure 8(a) (Doc. 10). Walton was granted leave to file an Amended Complaint. In his Amended Complaint (Doc. 11), Walton alleges Defendants were deliberately indifferent to his need for dental care in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

1

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Walton makes the following allegations in the Amended Complaint (Doc. 11):  On September 18, 2019, Dr. Litherton diagnosed Walton with a hole in his canine tooth (Doc. 11, p. 20). He was told that he needed a filling, which Dr. Litherton delayed, causing Walton pain (*Id.*). He put in multiple request slips for the pain, but his appointments were cancelled numerous times before he finally saw Dr. Litherton (*Id.*). Dr. Litherton told Walton that he could save his tooth, but it would be difficult to fill—given the location. He received multiple x-rays and visual exams but there was a five-month delay. Walton eventually developed an infection. He received pain medication and antibiotics for the infection.

Walton was housed in segregation from February 23, 2020, until March 3, 2020. Ms. Weaver failed to properly pack his property, and his medications were not inventoried. He did not receive his pain medications while in segregation. Because Walton felt he was receiving improper treatment (for both his tooth pain and other events not currently a part of this lawsuit), he went on a hunger strike in order to inform Warden Brookhart of his circumstances (Doc. 11, p. 20). He informed her that he was not receiving pain medications for his tooth. She only told him that he needed to eat. He did not receive any medications until he wrote a grievance about his condition (*Id.*). On March 9, 2020,

the tooth was removed. Walton maintains that if his care was not delayed, he would have only required a filling.

<u>Discussion</u>

The Court first notes that Walton identifies a number of individuals in the statement of claim who are not in the caption of his case. This includes Officer Gipson, Lieutenant Livingston, Dan Downend, and Darren Williams. The Court will not treat parties not in the case caption as defendants. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Thus, any potential claims against these individuals, including claims for retaliation, abuse, due process, and P.R.E.A. violations are considered **DISMISSED without prejudice**.

Further, Walton identifies Dr. Shah in the caption of his Amended Complaint but fails to include any allegations against him in his statement of claim. Because Walton fails to include any claims against Dr. Shah, Dr. Shah is also **DISMISSED without prejudice**. Similarly, Walton identifies Lacie Livingston in the caption of his Amended Complaint but does not include any allegations against her in the body of his Amended Complaint. He mentions a past grievance written about Livingston but indicates that the grievance was the basis for other individuals to retaliate against him. He does not allege that Livingston, herself, participated or orchestrated the retaliatory acts against him. Thus, any potential claims against Lacie Livingston are also **DISMISSED without prejudice**.

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate the following single count:

**Count 1:**     **Eighth Amendment deliberate indifference claim against Litherton, Brookhart, and Weaver for delaying treatment and pain medications for his tooth ache.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Walton states a viable deliberate indifference claim against Litherton, Brookhart, and Weaver. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). To the extent that Walton also alleges that Brookhart was responsible for the actions of her staff, including claims of retaliation and disciplinary action which are not currently a part of this lawsuit, Brookhart cannot be liable because *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, any potential claim against Brookhart for her staff's conduct is considered **DISMISSED without prejudice**.

<u>Disposition</u>

For the reasons stated above, Count 1 shall proceed against Litherton, Weaver, and Brookhart. Dr. Shah and Lacie Livingston are **DISMISSED without prejudice**.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

The Clerk of Court shall prepare for Defendants Litherton, Weaver, and Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Walton. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Walton, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Walton, and the judgment includes the payment of costs under Section 1915, Walton will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C.
§ 1915(f)(2)(A).

Finally, Walton is **ADVISED** that he is under a continuing obligation to keep the
Clerk of Court and each opposing party informed of any change in his address; the Court
will not independently investigate his whereabouts. This shall be done in writing and not
later than **7 days** after a transfer or other change in address occurs. Failure to comply with
this order will cause a delay in the transmission of court documents and may result in
dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 2, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of
your lawsuit and serve them with a copy of your complaint. After service has been
achieved, the defendants will enter their appearance and file an Answer to your
Amended Complaint. It will likely take at least **60 days** from the date of this Order to
receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.
When all the defendants have filed Answers, the Court will enter a Scheduling Order
containing important information on deadlines, discovery, and procedures. Plaintiff is
advised to wait until counsel has appeared for the defendants before filing any motions,
to give the defendants notice and an opportunity to respond to those motions. Motions
filed before defendants' counsel has filed an appearance will generally be denied as
premature. **Plaintiff need not submit any evidence to the Court at this time, unless
specifically directed to do so.**