IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMARIS WALTON,<br><br>    Plaintiff,<br><br>v.<br><br>MARK LITHERLAND, *et al.*,<br><br>    Defendants. | Case No. 21-cv-123-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion to set aside default (Doc. 31) filed by Defendants Dee Dee Brookhart and Mary Weaver.

On June 8, 2021, Walton filed his Amended Complaint against Brookhart and Weaver (Doc. 11). On December 3, 2021, requests for waiver of service were sent out to Defendants (Doc. 16). On December 20, 2021, Brookhart and Weaver returned their requests for waiver and their Answers were due February 1, 2022 (Doc. 17). Neither Defendant filed responsive pleadings. On February 22, 2022, the Court entered an Order for default as to Brookhart and Weaver (Doc. 28), and default was entered the next day (Doc. 29).

On March 8, 2022, Defendants Brookhart and Weaver moved to set aside the default (Doc. 31). They argue that they requested representation from the Office of the Attorney General but that, due to an error, counsel was not assigned, and Answers were not filed on their behalf.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Brookhart and Weaver have met the standard for setting aside the defaults in this case. Their failure to file Answers was due to an oversight by the Office of the Attorney General. They requested representation but a counsel was not assigned to the case, due to no fault of their own. They also took quick action to resolve the issue and allege a meritorious defense of failure to exhaust administrative remedies.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Brookhart and Weaver have met the requirements of Rule 55(c) and **GRANTS** the motion to set aside entry of default (Doc. 31). The entry of default (Doc. 29) is **VACATED**. Defendants are **GRANTED** leave to file their Answers by **April 1, 2022**.

**IT IS SO ORDERED.**

DATED:   March 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**